UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Stark County, et al., | ) | CASE NO.: 5:11CV1322 (Lead Case) |
| | ) | 5:11CV2350 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| John L. Ruth, et al., | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | (Resolves Doc. 45) |

This matter appears before the Court on Defendants' motion for a protective order. Specifically, Defendants seek to limit the temporal scope of the discovery requests in this matter to no earlier than 2007. The private plaintiffs and the Government have separately opposed the motion. Defendants' replied and the Government's filed what is effectively a sur-reply, alleging that the reply brief raised new information regarding its position. The Court now resolves the motion.

The Federal Rules of Civil Procedure contemplate broad discovery. Rule 26(b)(1) permits discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense
> .... For good cause, the court may order discovery of any matter relevant to the
> subject matter involved in the action. Relevant information need not be admissible
> at the trial if the discovery appears reasonably calculated to lead to the discovery of
> admissible evidence.

Fed.R.Civ.P. 26(b)(1). Rule 26(b)(1)'s broad scope, however, is tempered by Rule 26(b)(2), which grants "district courts ... discretion to limit the scope of discovery where the information sought is overly broad or would prove burdensome to produce." *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed.R.Civ.P. 26(b)(2)). Rule 26(b)(2)(c) further mandates the court to limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(iii); *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978) (Rule 26 "does not, however, permit a plaintiff to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive.").

Defendants' primary objection to the scope of the private Plaintiffs' discovery requests revolves around their contention that the statute of limitations in this fair housing action runs for two years from the termination of any discriminatory act.  Defendants, therefore, contend that a document request reaching back to 2005 far exceeds any claim and is little more than a fishing expedition by the private Plaintiffs.

This Court, however, cannot examine Defendants' request in a vacuum.  This case also involves a separate complaint filed by the United States and consolidated with this matter. Defendants' briefing acknowledges this fact and goes on to request a similar temporal limitation on the Government's discovery requests.   While the Government requests that any such request is premature, the matter has been fully briefed and the Court will resolve this temporal scope issue at this time.

The Government's complaint contends that Defendants engaged in a pattern and practice of discrimination dating back to 2001.  The Government further contends that initial depositions

in this matter have supported their claims that discrimination was ongoing from 2001 through the dates alleged by the private plaintiffs.

The Government properly asserts that its requests for equitable relief are not subject to *any* statute of limitations. *See, e.g., United States v. Marsten Apartments, Inc.*, 175 F.R.D. 257, 263 (E.D.Mich. 1997). In addition, the Government's claims for civil penalties have a five-year statute of limitations, while their claims for monetary damages have a three-year statute of limitations. *See id.*

Accordingly, the Court must reject any assertion that activity predating 2007 will be irrelevant and/or inadmissible. The Government's claims quite clearly make documents dating back to 2001 relevant and admissible.

However, this does not end the Court's inquiry. As noted above, the Court retains broad discretion to limit discovery in order to ensure that the burden of discovery does not outweigh its likely benefit. It is conceivable that this argument creates a closer call for the Court. As the Government already contends that it has substantial evidence of this pattern and practice of discrimination directly from apartment managers, the benefits of additional paper discovery are somewhat lessened. However, whatever value may be contained in such discovery cannot be balanced in this matter. Defendants have failed to demonstrate the burden associated with any of the pending document requests.

While Defendants indicate that they have already supplied rental data dating back to 2007, there is nothing to suggest that any significant costs were incurred in providing that data. Moreover, there is no evidence of any kind of what further costs may be incurred to provide data dating back 2001. For that matter, Defendant has not even identified how many documents may be at issue in the requests. Without this information, it is not possible for the Court to measure the

benefits of the discovery against the burden imposed by providing it.

Finally, the Court notes that the parties appear to disagree about the import of certain deposition testimony and whether it is demonstrative of discrimination that dates back to 2001. The Court, however, need not resolve this dispute. The Government's complaint properly pleads a pattern and practice case beginning in 2001. No motion to dismiss this pleading has ever been filed. Accordingly, as evidence dating back to 2001 would be relevant and admissible within the Government's pattern and practice claim, any attempt to restrict the temporal scope of discovery requests to January 1, 2007 to present must be rejected.

Defendants' motion for a protective order is DENIED.


IT IS SO ORDERED.


February 13, 2012            /s/ John R. Adams
                                                    JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT JUDGE