UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, STARK COUNTY, NAT PRATHER, CHRISTOPHER HYLTON, CONSUELLA GREEN, MEGAN MAYLE, DONALD FISHER, JANUARY FISHER, AND OHIO CIVIL RIGHTS COMMISSION | ) ) ) ) ) ) ) | |
| Plaintiffs | ) ) | Case No. 5:11-cv-1322-JRA |
| v. | ) ) | |
| JOHN L. RUTH, d/b/a PENSON PROPERTIES, MARY RUTH, YORKSHIRE APARTMENTS, LLC, AND WALES RIDGE, LLC | ) ) ) ) ) | |
| Defendants | ) | |

## CONSENT ORDER

**I.      BACKGROUND**

1.     This action is brought by Plaintiffs Stark County, Nat Prather, Christopher Hylton, Consuella Green, Megan Mayle, Donald and January Fisher, the Ohio Civil Rights Commission ("Commission"), and the United States (collectively "Plaintiffs") against Defendants John Ruth, d/b/a Penson Properties, Mary Ruth, Yorkshire Apartments, LLC, and Wales Ridge, LLC (collectively "Defendants"), seeking declaratory and injunctive relief and damages to redress Defendants' alleged unlawful housing discrimination based on race, color and familial status in violation of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.,* and Ohio Rev. Code § 4112.02(H).

2. Defendants own and/or manage several residential rental properties in Northeast Ohio ("Properties").

3. Plaintiffs allege that Defendants sought to exclude or limit the number of African-Americans and families with children in their complexes, including by instructing managers to ensure that no property contained African-American tenants in more than one-third of its units. Plaintiffs allege that Defendants instructed managers that African-American tenants were undesirable and decreased the value of the complexes. Plaintiffs further allege that Defendants instructed managers that families with children were not desirable tenants and should be restricted to basement or first floor units, rather than being permitted to rent whichever vacant unit they preferred.

4. Plaintiffs allege that, in addition to denying equal rental opportunities to prospective tenants based on race and familial status, Defendants also subjected existing tenants to discriminatory treatment in an effort to induce them to move out of Defendants' properties or to manufacture grounds to evict them.

5. Plaintiffs allege that Defendants' discriminatory acts against African-Americans, families with children, and people associated with members of these protected classes have been taken pursuant to a pattern of discriminatory conduct that violates federal and state fair housing laws.

6. Defendants filed Motions for Summary Judgment against Plaintiffs, which the Court denied on March 31, 2014. In its Order denying Defendants' Motion for Summary Judgment, the Court ruled that "significant issues of fact remain for a jury to decide with respect to a pattern-or-practice claim." In doing so, the Court noted that "the Government offers that ten of Mr. Ruth's former employees gave deposition testimony that they were instructed to

discriminate against African Americans." The Order also stated that "the Government has introduced evidence from [two former managers] that they were instructed to discriminate against families with children…" Further, the Order stated that "the Government has presented evidence that numerous managers had their responsibilities reduced, were reprimanded, or terminated when they refused to follow Mr. Ruth's instructions to discriminate against African Americans and families with children." The Order concluded: "In short, there is more-than-sufficient evidence in the record for the Government's pattern-or-practice claim to survive summary judgment" and that "the Government has met its initial burden in its claims of a pattern-or-practice of discrimination. Therefore, a jury must decide those claims."

7. Defendants deny violating any law or engaging in any wrongful conduct of any type or nature as Plaintiffs allege in their actions. This Consent Order is a compromise of disputed claims and is not an admission by Defendants, each of which expressly denies liability.

8. Plaintiffs and Defendants agree that to avoid protracted and costly litigation, this lawsuit should be resolved without a trial. Therefore, the parties consent to the entry of this Consent Order, as shown by the signatures below.

9. This Order is effective immediately upon its entry by the Court. For purposes of this Order, the phrase "effective date of this Order" shall refer to the date on which the Court adopts this document as an Order of the Court.

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), and 28 U.S.C. § 1367.

## II. INJUNCTION

11. Defendants, their employees and agents, and all other persons in active concert or participation with them, are enjoined, with respect to the rental or sale of dwellings,[1] from (1) making unavailable or denying a dwelling to any person because of race, color, or familial status; (2) discriminating against any person in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services and facilities in connection therewith, because of race, color, or familial status; (3) making or causing to be made any statement relating to the rental of a dwelling that indicates any preference or limitation based on race, color, or familial status; (4) representing to any person because of race, color, or familial status that any dwelling is not available for inspection or rental when such a dwelling is, in fact, so available; and (5) coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of their rights protected under the Fair Housing Act or Ohio fair housing law on account of having exercised or enjoyed, or aided or encouraged others in exercising or enjoying any such right.

## III. MANAGEMENT COMPANY

12. Within sixty (60) days of the effective date of this Order, Defendants shall enter into a contract consistent with the terms of this Order with a professional management company ("Management Company") for the purposes of the day-to-day management of the Properties and any residential rental property in which any Defendant acquires an ownership or financial interest during the duration of this Order.  The contract between Defendants and the Management Company shall be approved by counsel for the Plaintiffs (which approval shall not be unreasonably withheld).  Defendants shall continue to retain such Management Company for

---

[1] The term "dwellings" has the meaning set out in the Fair Housing Act, 42 U.S.C. § 3602(b); *see also* Ohio Rev. Code § 4112.01(17).

the duration of this Order. If, after retaining the Management Company, Defendants wish to change professional management companies during the duration of this Order, they may do so, provided that any subsequent contract with a management company must also be approved by counsel for the Plaintiffs and comply with the requirements for the Management Company as described in this Order.

13. The Management Company shall be responsible for all aspects of management of the Defendants' residential rental properties that are rented or available for rent, including showing and renting units, determining whom to rent to and/or evict, and all other aspects of the rental process.

14. Defendants shall require the Management Company to comply with and implement the training requirements, non-discrimination policy, and complaint process set forth in Sections IV, V and VII, below.

**IV. TRAINING**

15. Within ninety (90) days of the entry of this Order, and annually thereafter for the duration of this Order, Defendants, and any of their employees or agents involved in the management or maintenance of residential rental properties for Defendants, including the professional management company hired in accordance with Section III above, shall receive training on the requirements of this Order, the Fair Housing Act, and the Ohio fair housing law and shall further receive refresher training on an annual basis for the duration of this Order. Each training shall be a minimum of two (2) hours in length.

16. The training shall be conducted by an independent, qualified third party, selected by the Defendants and approved in advance by counsel for Plaintiffs (which approval shall not be unreasonably withheld). Defendants shall obtain from the trainer certifications of attendance, executed by each individual who received the training, confirming their attendance. This

confirmation shall include the name of the course, the name of the instructor, the date the course was taken, and the length of the course and/or time within which the course was completed.

17. Any employees, including employees of the professional management company, hired after annual training for that year shall be required to take individual training as described above within thirty (30) days after their employment commences.

18. Counsel for Defendants shall provide counsel for the United States a list of all employees, including employees of the professional management company, required to receive training as described in this Section. Counsel for Defendants shall identify for counsel for Plaintiffs all persons hired after the annual training within thirty (30) days of the employee being hired.

19. The cost of all training described in this Section shall be borne by Defendants.

**V.     NON-DISCRIMINATION POLICY**

20. Defendants shall adopt a non-discrimination policy consistent with the form non-discrimination policy attached hereto as Attachment A.

21. Within fourteen (14) days of the effective date of this Order, Defendants shall distribute the non-discrimination policy to all of its current residents, employees, agents, and anyone acting under the direction of Defendants who has responsibility for showing, renting, or managing any rental units or properties. Counsel for Defendants shall also provide the adopted non-discrimination policy to counsel for the United States within fourteen (14) days of the effective date of this Order.

**VI.    COMPLIANCE AND TESTING**

22. Defendants shall implement a program of testing designed to detect and prevent unlawful discrimination at the Properties. Within sixty (60) days of the entry of this Consent Order, Defendants shall enter into a contract with an independent, qualified third party, selected

by Defendants and approved in advance by counsel for Plaintiffs (which approval shall not be unreasonably withheld) to develop and implement a program to test for potential race and/or familial status discrimination at the Properties and any residential rental property in which any Defendant acquires an ownership interest after the entry of this Consent Order. The contract shall provide for a minimum of three (3) tests per year for the duration of this Consent Order. The test results will be provided to Defendants and their counsel, and to counsel for the Plaintiffs. If any counsel for the Plaintiffs believes that the test results indicate any fair housing compliance problems, he or she shall notify Defendants' counsel of any such problems and the basis therefor. In the event that there is a dispute as to whether or what corrective action is required, the parties shall attempt to resolve such dispute according to the consultation provisions of Section XII below. The cost of the testing described in this Section shall be borne by Defendants.

23. On a quarterly basis for the duration of this Order, Defendants and/or the Management Company shall provide counsel for the Plaintiffs with the following:

  a. A list of all persons who inquire about the rental of any properties owned by Defendants. This list will contain the name of the person inquiring, a contact telephone number, the date of the inquiry, and a note indicating whether the person(s) inquiring completed at any time an application for tenancy;

  b. a list of all units as they become vacant;

  c. a copy of all advertising of vacancies;

  d. a copy of all applications as they are received;

  e. a copy of all leases as they are executed.

24. The Plaintiffs may take steps to monitor Defendants' compliance with the Fair Housing Act and this Consent Order, including but not limited to conducting fair housing tests at any residential rental property in which any Defendant, now or in the future, has a direct or indirect ownership, management, or financial interest.

## VII. COMPLAINT PROCESS

25. Within thirty (30) days of the effective date of this Order, Defendants shall develop a policy for receiving and addressing complaints made by tenants or employees related to fair housing and provide it to counsel for the Plaintiffs.  Counsel for the Plaintiffs shall approve the policy or make revisions to the policy in consultation with Defendants within fourteen (14) days of receipt of the proposed policy.

26. Within sixty (60) days of the effective date of this Order, Defendants shall adopt the policy for receiving and addressing complaints made by tenants or employees related to fair housing as approved by counsel for the Plaintiffs.

27. Additionally, during the period in which this Consent Order is in effect, Defendants shall notify counsel for Plaintiffs in writing within fifteen (15) days of receipt of any written or oral complaint against Defendants, their employees, or their agents regarding discrimination in housing.  If the complaint is written, Defendants shall provide a copy of it with the notification.  The notification shall include the full details of the complaint, including the complainant's name, address, and telephone number.  Defendants shall also promptly provide counsel for Plaintiffs any documents or other information concerning such complaint and shall inform counsel for Plaintiffs within fifteen (15) days of the substance of any resolution of such complaint.

## VIII. ADVERTISING

28. Within fourteen (14) days of the entry of this Order, pursuant to 24 C.F.R. Part 110, Defendants shall post and prominently display at any place of business where Defendants conduct rental activity and/or have personal contact with applicants for rentals, a Fair Housing Poster.  A poster that complies with 24 C.F.R. Part 110 will satisfy this requirement.

29. Defendants and/or the professional management company shall include the phrase "Equal Housing Opportunity" or the fair housing logo in any advertising placed in any written media.  The phrase or logo shall be prominently displayed and legible.

## IX. EMPLOYEE PERSONNEL FILES

30. Defendants and/or the professional management company shall maintain a personnel file for all persons they employ for purposes of administration, management, and/or maintenance of rental properties.  Defendants and/or the professional management company shall also maintain a written job description for each such employee.

## X. COMPENSATION OF PRIVATE PLAINTIFFS AND AGGRIEVED PERSONS

31. Defendants shall make a total payment of EIGHT HUNDRED AND FIFTY THOUSAND DOLLARS ($850,000.00).  Specifically, Defendants shall make a payment of SIX HUNDRED AND FIFTY THOUSAND DOLLARS  ($650,000.00) in compensation for all damages, attorneys' fees, and costs related to claims brought by Don and January Fisher, Consuella Green, Christopher Hylton, Megan Mayle, Nat Prather, and Stark County; and the Ohio Civil Rights Commission on behalf of itself and Norman and Kendra Druckenbrod.  The payment described in this Paragraph shall be made out to "Relman, Dane & Colfax PLLC" and sent within thirty (30) business days of the effective date of this Order to Reed Colfax, Relman, Dane & Colfax PLLC, 1225 Nineteenth Street, NW, Suite 600, Washington, D.C. 20036.

32. Upon receipt of the payment described above, the private plaintiffs listed in Paragraph 31 and the Defendants shall exchange signed releases in the form of Attachments B and C.

33. Within thirty (30) business days of the effective date of this Order, Defendants shall pay a total of ONE HUNDRED SEVENTY FIVE THOUSAND DOLLARS ($175,000.00) to aggrieved persons identified by the United States.  Defendants shall send to counsel for the United States, via overnight delivery, checks made payable to the individuals identified as aggrieved persons as set forth in Attachment D.

34. The United States will not distribute a check to any individual identified in Attachment D until it receives the individual's signed release in the form of Attachment E and provides that executed release to counsel for Defendants.

### XI.  CIVIL PENALTY

35. Within thirty (30) business days of the effective date of this Order, Defendants shall pay a total of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) to the United States as a civil penalty, pursuant to 42 U.S.C. § 3614(d)(1)(C).  This payment shall be sent via Federal Express to counsel for the United States at United States Department of Justice, Civil Rights Division, Housing and Civil Enforcement Section, 1800 G Street, N.W., Suite 7045, Washington, D.C. 20006, in the form of a cashier's check payable to the "United States Treasury."

### XII.  NON-COMPLIANCE WITH CONSENT ORDER

36. This Order shall be in effect for a period of three (3) years from the effective date of this Order.

37. By consenting to entry of this Order, the parties agree that in the event a Defendant engages in any future conduct occurring after entry of this Order that violates the Fair

Housing Act, such conduct will constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

38. The Court shall retain jurisdiction for the duration of this Consent Order to enforce its terms, after which time the case shall be dismissed with prejudice. Any Plaintiff may move the Court to extend the duration of the Consent Order in the event of non-compliance, whether intentional or not, with any of its terms, or if it believes the interests of justice so require.

39. The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution. However, in the event that a Plaintiff contends that there has been a failure by any of the Defendants, whether willful or otherwise, to perform in a timely manner any act required by this Consent Order or otherwise to act in conformance with any provision thereof, that Plaintiff may move this Court to impose any remedy authorized by law or equity.

### XIII. TIME FOR PERFORMANCE

40. Any time limits for performance imposed by this Order may be extended by mutual written agreement of the parties. The other provisions of this Order may be modified by written agreement of the parties. Any modification by written agreement of the parties will be effective upon filing of the written agreement with the Court, and shall remain in effect for the duration of the Order or until such time as the Court indicates through written order that it has not been approved for modification.

### XIV. COSTS OF LITIGATION

41. Except as provided herein in Paragraph 31, each party to this litigation will bear its own costs and attorneys' fees associated with this litigation. Therefore, no party shall be

entitled to any relief from the Court, including an award of attorney's fees and costs, as described in 42 U.S.C. § 3612(p), 42 U.S.C. § 3613(c)(2), Ohio Revised Code ("ORC") § 4112.051, and ORC § 4112.99.

## XV. TERMINATION OF LITIGATION HOLD

42. The parties agree that, as of the effective date of this Order, litigation is not "reasonably foreseeable" concerning the matters described in the Plaintiffs' Complaints. To the extent that any of the parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to matters described in the Complaints, they are no longer required to maintain such a litigation hold. Nothing in this Paragraph relieves any of the parties of any other obligations imposed by this Consent Order.

IT IS SO ORDERED.

| | |
|---|---|
| s/John R. Adams | 8/27/2014 |
| UNITED STATES DISTRICT COURT JUDGE | DATE |

By their signatures below, the parties consent to the entry of this Consent Order.

| | |
|---|---|
| STEVEN M. DETTELBACH<br>United States Attorney | MOLLY J. MORAN<br>Acting Assistant Attorney General |
| s/ Adam Hollingsworth<br>ADAM J. HOLLINGSWORTH<br>MICHELLE L. HEYER<br>Assistant United States Attorneys<br>801 West Superior Avenue, Suite 400<br>Cleveland, OH 44113<br>Phone: (216) 622-3781<br>Fax: (216) 522-2404<br>adam.hollingsworth@usdoj.gov<br>michelle.heyer@usdoj.gov | s/ Steven Rosenbaum<br>STEVEN H. ROSENBAUM<br>Chief<br>TIMOTHY J. MORAN<br>Deputy Chief<br>BURTIS M. DOUGHERTY<br>JULIE JACKSON ALLEN<br>Trial Attorneys<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Northwestern Building, 7th Floor<br>Washington, DC 20530<br>Phone: (202) 514-4713<br>Fax: (202) 514-1116<br>burtis.m.dougherty@usdoj.gov<br>julie.allen@usdoj.gov |

*Attorneys for the United States*

MICHAEL DEWINE
Attorney General of Ohio

s/ Marilyn Tobocman
MARILYN TOBOCMAN (0024888)
Assistant Attorney General
Civil Rights Section
615 West Superior Avenue, 11th Floor
Cleveland, OH 44143
Tel: (216) 787-3095
Fax: (216) 787-3480
marilyn.tobocman@ohioattorneygeneral.gov

*Attorney for Ohio Civil Rights Commission*

13

s/ Reed Colfax
REED N. COLFAX
MEGAN CACACE
TARA RAMCHANDANI
Relman, Dane & Colfax PLLC
1225 19th Street, NW, Suite 600
Washington, D.C. 20036
Tel: (202) 728-1888
Fax: (202) 728-0848
rcolfax@relmanlaw.com
mcacace@relmanlaw.com

STEPHEN M. DANE
(0013057)
312 Louisiana Avenue
Perrysburg, Ohio 43551
(419) 873-1814
sdane@relmanlaw.com

*Attorneys for Individual Plaintiffs and Plaintiff Stark County*


s/ William Edwards
WILLIAM D. EDWARDS (0062861)
PAUL R. HARRIS (0079538)
Ulmer & Berne LLP
Skylight Office Tower
1660 W. 2nd Street, Ste. 1100
Cleveland, OH 44113-1448
Phone: (216) 583-7000
Fax: (216) 583-7001
wdedwards@ulmer.com

s/ William Benson
WILLIAM B. BENSON (0047181)
J. MILES GIBSON (0019760)
Isaac, Wiles, Burkholder & Teetor, LLC
Two Miranova Place, Suite 700
Columbus, OH 43215-5098
Phone: (614) 221-2121
Fax: (614) 365-9516
wbenson@issacwiles.com

*Attorneys for Defendants*

**Attachment A**

**NON-DISCRIMINATION POLICY**

It is the policy of John Ruth, d/b/a Penson Properties; Yorkshire Apartments, LLC; and Wales Ridge, LLC (collectively, "Penson Properties") to comply with Title VIII of the Civil Rights Act of 1968, as amended, commonly known as the Fair Housing Act by ensuring, to the extent required by law, that apartments are available to all persons without regard to race, color, religion, national origin, disability, sex, or familial status.  This policy means that, among other things, Penson Properties, and all their agents and employees with the responsibility for renting, managing, or administering any dwelling units must not discriminate in any aspect of the rental of dwellings against qualified applicants or tenants because of race, color, religion, national origin, disability, sex, or familial status.  Such agents and employees may not:

    A.    Refuse to rent, refuse to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, national origin, disability, sex, or familial status;

    B.    Discriminate against any person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, national origin, disability, sex, or familial status;

    C.    Make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, national origin, disability, sex, or familial status; or

    D.    Represent to persons because of race, color, religion, national origin, disability, sex, or familial status that any dwelling is not available for inspection or rental when such dwelling is in fact so available.

Any agent or employee who fails to comply with this Non-discrimination Policy will be subject to appropriate disciplinary action.  Any action taken by an agent or employee that results in unequal service to, treatment of, or behavior toward tenants or actual or potential applicants on the basis of race, color, religion, national origin, disability, familial status, or sex may constitute a violation of state and federal fair housing laws.  Any tenant or applicant who believes that any of the above policies have been violated by any agent or employee of the owner should contact the owner or the management company.  Any tenant or applicant who believes that any of the above policies have been violated by any owner, agent, or employee may also contact the U.S. Department of Housing and Urban Development at 1-888-799-2085 or the U.S. Department of Justice at 1-800-896-7743 or 202-514-4713.

**Attachment B**

**FULL AND FINAL RELEASE OF CLAIMS BY PRIVATE PLAINTIFFS**

In consideration for the parties' agreement to the terms of the Consent Order entered into in the case of *United States, et al. v. Ruth, et al.*, Case No. 5:11-cv-1322-JRA, United States District Court, Northern District of Ohio, and in consideration for the payment of $ _____, I, _____, do hereby fully release and forever discharge John Ruth, d/b/a Penson Properties; Mary Ruth; Yorkshire Apartments, LLC; and Wales Ridge, LLC (collectively, "Defendants"), along with their past and present insurers, attorneys, related companies, principals, predecessors, successors, assigns, affiliates, partners, directors, officers, agents, employers, shareholders, subsidiaries, employees, heirs, executors, and administrators and any persons acting under their respective direction or control from any and all claims, legal, equitable, or otherwise that I may have against them through the date I sign this release, including claims for damages (both compensatory and punitive), costs, fines, and attorneys' fees, with the exception of any action regarding enforcement of the above-referenced Consent Order.

Executed this _____ day of _____, 2014.

_____
Signature

_____
Print Name

**Attachment C**

**FULL AND FINAL RELEASE OF CLAIMS BY DEFENDANTS**

In consideration for the parties' agreement to the terms of the Consent Order they entered into in the case of *United States, et al. v. Ruth, et al.*, Case No. 5:11-cv-1322-JRA, United States District Court, Northern District of Ohio, John Ruth, d/b/a Penson Properties; Mary Ruth; Yorkshire Apartments, LLC; and Wales Ridge, LLC (collectively, "Defendants") do hereby fully release and forever discharge Nat Prather, Christopher Hylton, Consuella Green, Megan Mayle, Stark County, and Donald and January Fisher, along with their past and present insurers, attorneys, related companies, principals, predecessors, successors, assigns, affiliates, partners, directors, officers, agents, employers, shareholders, subsidiaries, employees, heirs, executors, and administrators and any persons acting under their respective direction or control and the Ohio Civil Rights Commission and Norman and Kendra Druckenbrod from any and all claims, legal, equitable, or otherwise, that I may have against them through the date I sign this release, with the exception of any action regarding enforcement of the above-referenced Consent Order.

Executed this _____ day of _____, 2014.


_____
Signature

_____
Print Name

## Attachment D

## AGGREIVED PERSONS IDENTIFIED BY THE UNITED STATES

| Name | Amount |
| --- | --- |
| Roberta Boynton | $15,000 |
| Randy Foster | $10,000 |
| Joniece George | $10,000 |
| Stephanie Hilliard | $20,000 |
| Larry Jackson | $25,000 |
| Gregory Mays | $10,000 |
| Chris Miller | $20,000 |
| Nicole Miller | $20,000 |
| Dona Mitchell | $10,000 |
| Bobbi Stewart | $10,000 |
| Christine White | $25,000 |

**Attachment E**

**RELEASE OF CLAIMS BY AGGRIEVED PERSONS
IDENTIFIED BY UNITED STATES**


In consideration of and contingent upon payment of the sum of _____ dollars ($_____), pursuant to the Consent Order entered in *United States, et al. v. Ruth, et al.*, Case No. 5:11-cv-1322-JRA, United States District Court, Northern District of Ohio, I hereby release and forever discharge the Defendants named in this action from any and all liability for any claims, legal or equitable, I may have against them arising out of the issues alleged in this action as of the date of the entry of that Consent Order; including claims for damages (both compensatory and punitive), costs, fines and attorneys' fees. I fully acknowledge and agree that this release of the Defendants shall be binding on my heirs, representatives, executors, successors, administrators, and assigns. I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

_____
Signature

Name: _____

Address: _____

_____

_____

Date: _____